# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**COLLEEN MICHELLE SMITH, as Administratrix of the Estate of David M. Smith,**

    **Plaintiff,**

  v.                                            **CIVIL NO. 2:20-CV-47 (KLEEH)**

**EDWARD W. CLARK, JR. et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 111]

Pending before the Court is Plaintiff's motion for partial summary judgment [ECF No. 111]. For the reasons discussed herein, the motion is **DENIED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Colleen Michelle Smith ("Plaintiff") is the Administratrix of the Estate of David M. Smith ("Smith"). In her Amended Complaint, which was filed on December 14, 2020, she brought suit against Defendants Edward Clark, Jr. ("Clark"), Bo D. Hendershot ("Hendershot"), Jason Carey ("Carey"), the Lewis County Sheriff's Department (the "Sheriff's Department"), the Lewis County Commission (the "County Commission"), the Weston Lewis County Emergency Ambulance Authority (the "Ambulance Authority"), Rocky Shackleford ("Shackleford"), and Nancy Ryder ("Ryder").

On October 22, 2021, Plaintiff voluntarily dismissed the

claims against the Sheriff's Department. On May 2, 2022, the Court was notified that Plaintiff settled with the Ambulance Authority, Shackleford, and Ryder (together, the "EMS Defendants"). The Court held a hearing on July 28, 2022, and approved the settlement. The EMS Defendants have now been dismissed from the case.

The remaining defendants — Clark, Hendershot, Carey, and the County Commission (together, the "Law Enforcement Defendants") — have informed Plaintiff that they intend to add the EMS Defendants to the verdict form at trial so that the jury can assess their percentage of fault. Plaintiff filed a motion for summary judgment to prevent this from happening.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving

party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

### III. RELEVANT FACTS

Clark, Hendershot, and Carey were, at all relevant times, law enforcement officers with the Sheriff's Department. Am. Compl., ECF No. 3, at ¶¶ 3-5. On November 12, 2018, Smith was on parole. Id. ¶ 15. He had failed to check in with his parole officer, and authorities had issued a warrant for his arrest. Id. On or about that day, Clark, Hendershot, and Carey sought to arrest Smith, and a chase ensued. Id. ¶ 16-17. Smith was apprehended, and the parties disagree about the details surrounding his arrest. Smith was injured during the encounter. After Smith was placed in handcuffs, Hendershot called for Emergency Medical Services. Id. ¶ 19. Eventually, Smith was taken to the hospital, placed on life support, and provided other treatment, but he died on November 17, 2018. Id. ¶ 27.

Based on these facts, with respect to the remaining Defendants, Plaintiff asserts the following causes of action:

- (Count 1) Negligence (Clark, Hendershot, Carey);

- (Count 2) Negligence (County Commission);

- (Count 3) Negligence (County Commission);

- (Count 4) Outrage (All Defendants);

- (Count 5) Negligent Infliction of Emotional Distress (All Defendants);

- (Count 6) Assault (Clark, Hendershot, Carey, County Commission);

- (Count 7) Battery (Clark, Hendershot, Carey, County Commission);

- (Count 8) Excessive Force, Fourth Amendment, 42 U.S.C. § 1983 (Clark, Hendershot, Carey, County Commission);

- (Count 9) Excessive Force, Fourteenth Amendment, 42 U.S.C. § 1983 (Clark, Hendershot, Carey, County Commission); and

- (Count 10) Constitutional Violations (County Commission).

## IV. THE PARTIES' ARGUMENTS

Plaintiff argues that the Law Enforcement Defendants may only add the EMS Defendants to the verdict form if they have presented sufficient evidence to create a question of fact for the jury on the comparative fault of the EMS Defendants. Because the EMS Defendants are medical providers,[1] Plaintiff argues that the burden is on the Law Enforcement Defendants to establish the EMS Defendants' medical negligence. Plaintiff argues that the Law Enforcement Defendants have no expert to opine that the EMS

---

[1] See Short v. Appalachian OH-9, Inc., 507 S.E.2d 124, 129 (W. Va. 1998) (holding that EMS providers are subject to the Medical Professional Liability Act).

Defendants' conduct fell below the standard of care, so they are unable to establish the EMS Defendants' negligence, and summary judgment is proper.[2]

Plaintiff also argues that the Law Enforcement Defendants cannot call Plaintiff's experts as witnesses, cannot rely on Plaintiff's experts' reports, and cannot cross examine Plaintiff's experts regarding the EMS Defendants' negligence. Plaintiff argues that the Law Enforcement Defendants would be confusing the jury and that Ryder and Shackleford are actually employees of the County Commission, so even if the jury is permitted to find fault on the part of the EMS Defendants, the County Commission would be responsible for that under respondeat superior.

In response, the Law Enforcement Defendants initially argue that this issue would be more properly presented as a motion in limine. They then argue that West Virginia's comparative fault statute requires that the EMS Defendants be placed on the verdict form.[3] The Law Enforcement Defendants argue that they do not need to meet medical negligence standards with respect to the EMS Defendants because they do not seek to establish the EMS

---

[2] "It is the general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses." Syl. Pt. 2, Roberts v. Gale, 139 S.E.2d 272 (W. Va. 1964).
[3] "Fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty . . . ." W. Va. Code § 55-7-13d(a)(2) (emphasis added).

Defendants' liability; they seek only to apportion fault to them. They also argue that they do not necessary require expert testimony to prove the comparative fault of the EMS Defendants, but if they do require it, they can call or cross-examine Plaintiff's expert witnesses and/or introduce their reports.

Plaintiff believes that the Law Enforcement Defendants are arguing that anyone can be placed on the verdict form without meeting any burden. She argues that this would be an absurd result. In addition, she argues that the Law Enforcement Defendants' interpretation would have a chilling effect on settlements because a plaintiff will be far less likely to settle with one defendant if she knows that remaining defendant can point fingers at the settled defendant with no evidence.

To the Law Enforcement Defendants' argument that they need only show that the EMS Defendants breached a duty of some kind, Plaintiff points out that the only legal duty the EMS Defendants owed to Smith was their duty as medical providers. She notes that the Law Enforcement Defendants did not identify another duty in their brief.

## V. DISCUSSION

The West Virginia Code provides, "Fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty . . . ." W. Va. Code § 55-7-13d(a)(2). "Where

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 111]**

a plaintiff has settled with a party or nonparty before verdict, that plaintiff's recovery will be reduced in proportion to the percentage of fault assigned to the settling party or nonparty, rather than by the amount of the nonparty's or party's settlement[.]" Id. § 55-7-13d(a)(3). "The burden of alleging and proving comparative fault shall be upon the person who seeks to establish such fault." Id. § 55-7-13d(d).

In State of West Virginia ex rel. March-Westin Company, Inc., v. Hon. Phillip D. Gaujot, 879 S.E.2d 770 (W. Va. 2022), the Supreme Court of Appeals of West Virginia discussed section 55-7-13d. In the underlying suit, a county commission employee was injured while working on a courthouse renovation project. Id. at 772. The plaintiff brought suit against the general contractor, and the general contractor sought to place the county commission, an immune nonparty to the suit due to West Virginia's "deliberate intent" statute, on the verdict form so that the jury could assess its fault pursuant to section 55-7-13d. Id. The Circuit Court of Monongalia County held that the county commission's fault could not be assessed by the jury. Id. The general contractor filed a petition for a writ of prohibition, asking the Supreme Court to prevent the Circuit Court from enforcing its order. Id. The Supreme Court then directed the Circuit Court of Monongalia County to include the county commission (the plaintiff's employer) on the

verdict form, despite its status as an immune nonparty. Id. at 778.

The Supreme Court found that the elements of "deliberate intent" need not be shown in order to assess the fault of a nonparty employer in a personal injury context[4]:

> When a defendant seeks to have fault assessed to a nonparty employer pursuant to West Virginia Code § 55-7-13d (eff. 2016), the defendant need not show that the nonparty employer's fault would satisfy the "deliberate intention" standard contained in West Virginia Code § 23-4-2 (eff. 2015). It is sufficient, rather, for the defendant to show that the nonparty employer's act or omission was a proximate cause of the employee's injury or death and was a breach of a legal duty *of some kind*. W. Va. Code § 55-7-13b (eff. 2015).

Id. at Syl. Pt. 3.[5] "Such a showing allows the defendant to present

---

[4] In reaching this conclusion, the Supreme Court agreed with two decisions from the Northern District of West Virginia. See Taylor v. Wallace Auto Parts & Servs., Inc., No. 2:19-cv-27, 2020 WL 1316730 (N.D.W. Va. Mar. 19, 2020) (Kleeh, J.) (finding that the elements of deliberate intent did not need to be proved in order to assess the fault of a nonparty employer); see also Metheney v. Deepwell Energy Servs., LLC, No. 5:20-cv-54, 2021 WL 2668821 (N.D.W. Va. June 29, 2021) (Bailey, J.) (same).

[5] The Supreme Court considered the meaning of "fault" and the circuit court's conclusion regarding the same:

> West Virginia Code § 55-7-13b provides that "fault" is "an act or omission of a person, which is a proximate cause of injury or death to another person" and that such fault "includ[es], but [is] not limited to," such things as "negligence, malpractice, strict product liability, absolute liability, liability under section two, article four, chapter twenty-three of this code [W. Va. Code § 23-4-2, i.e., "deliberate intention"] or assumption of the risk.'"

State ex rel. March-Westin, 879 S.E.2d at 776. The court rejected the Circuit Court's conclusion that this definition requires March-Westin to prove deliberate intention.

evidence as to the nonparty's degree of fault in order to offset the defendant's degree of fault." Id. at 776.

The plaintiff had argued that it would be absurd to find that the general contractor was not required to prove the county commission's fault to the same degree as the plaintiff would have needed to prove it if the county commission could have been named as a defendant in the first instance. Id. The Court considered this argument and disagreed, finding that the concept of deliberate intent is a means of overcoming statutory immunity and had no relevance to the degree of fault. Id. Under the deliberate intent statute, the Supreme Court wrote, "an employee exchanges the common law right to sue his or her employer for the statutory right to receive compensation via the workers' compensation system, even if the employee of a co-worker is at fault for the injury." Id. "The employer, in turn, exchanges common law defenses for conditional statutory immunity." Id. at 777. Given the structure of the deliberate intent scheme in West Virginia, the Court found that it would be wrong to require a defendant to prove deliberate intent when assessing the fault of the nonparty employer:

> Thus, requiring a defendant to prove "deliberate intention" on the part of a nonparty employer would shift all of the nonparty employer's fault to the defendant in all but the most egregious cases of misconduct by the nonparty employer with no corresponding benefit to the defendant. To do so would

> defeat the express purpose of Section 13d which is to determine the defendant's degree of *fault* by allocating the respective degrees of *fault* of any named defendants and other nonparties whose wrongful acts proximately caused the injury. Such result would amount to an "absurd and unjust" misuse of the workers' compensation deliberate intent statute — a statute primarily designed not to determine respective degrees of fault, but instead to provide an employee an exception to his or her employer's immunity from liability.

Id.

Here, at bottom, the Court agrees with Defendants that the fault of the EMS Defendants, as settling nonparties, must be considered by the jury. See W. Va. Code § 55-7-13d(a)(2) ("Fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty . . . ."). The Court finds that it would be premature at this stage to pigeon-hole the Law Enforcement Defendants into proving that the EMS Defendants violated one particular legal duty. While there are important differences between this case and a case in which "deliberate intent" is at play, the Supreme Court has clearly stated that to apportion fault to a nonparty, it is sufficient to show that the nonparty breached "a legal duty of some kind." When the Court crafts its jury instructions and verdict form in this case, the parties can discuss and the Court can decide whether the Law Enforcement Defendants have introduced sufficient evidence to

support whichever theory of negligence they choose to assert against the EMS Defendants.

## VI.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** Plaintiff's motion for summary judgment [ECF No. 111].

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: February 27, 2023

*/s/ Tom S. Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA