IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COLLEEN MICHELLE SMITH, as
Administratrix of the
Estate of David M. Smith,

       Plaintiff,

    v.                            CIVIL NO. 2:20-CV-47
                                    (KLEEH)

EDWARD W. CLARK, JR. et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]**

Pending before the Court is a motion for partial summary judgment filed by Defendants Edward W. Clark ("Clark"), Bo D. Hendershot ("Hendershot"), Jason Carey ("Carey"), and the Lewis County Commission (the "County Commission") [ECF No. 116]. For the reasons discussed herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Colleen Michelle Smith ("Plaintiff") is the Administratrix of the Estate of David M. Smith ("Smith"). In her Amended Complaint, she brought suit against Clark, Hendershot, Carey, the County Commission, the Lewis County Sheriff's Department (the "Sheriff's Department"), the Weston Lewis County Emergency Ambulance Authority (the "Ambulance Authority"), Rocky

SMITH V. CLARK ET AL.                                    2:20-CV-47

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

Shackleford ("Shackleford"), and Nancy Ryder ("Ryder").

On October 22, 2021, Plaintiff voluntarily dismissed the claims against the Sheriff's Department. See ECF No. 75. On May 2, 2022, the Court was notified that Plaintiff settled with the Ambulance Authority, Shackleford, and Ryder (together, the "EMS Defendants"). The Court held a hearing on July 28, 2022, and approved the settlement. See ECF No. 135. The EMS Defendants have now been dismissed from the case. See ECF No. 136. Clark, Hendershot, Carey, and the County Commission (together, "Defendants") have moved for partial summary judgment.

### II.  STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving

2

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

party, there [being] no 'genuine issue for trial.'" <u>Matsushita
Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)
(citation omitted).

### III. <u>FACTUAL BACKGROUND</u>

Clark, Hendershot, and Carey were, at all relevant times, law
enforcement officers with the Sheriff's Department.  On November
12, 2018, Smith was on parole.  He had failed to check in with his
parole officer, and authorities had issued a warrant for his
arrest.  Clark, Hendershot, and Carey sought to arrest Smith, and
a chase ensued.  Smith was apprehended and injured during the
encounter.  Ultimately, Smith was taken to the hospital, placed on
life support, and provided other treatment, but he died on November
17, 2018.  The parties disagree about many of the details
surrounding his arrest.

Plaintiff asserts the following causes of action:

- (Count 1) Negligence (against Clark,
  Hendershot, Carey);

- (Count 2) Negligence (against the County
  Commission);

- (Count 3) Negligence (against the County
  Commission);

- (Count 4) Outrage (against all Defendants);

- (Count 5) Negligent Infliction of Emotional
  Distress (against all Defendants);

SMITH V. CLARK ET AL.                                    2:20-CV-47

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]**

- (Count 6) Assault (against Clark, Hendershot, Carey, County Commission);

- (Count 7) Battery (against Clark, Hendershot, Carey, County Commission);

- (Count 8) Excessive Force, Fourth Amendment, 42 U.S.C. § 1983 (against Clark, Hendershot, Carey, County Commission);

- (Count 9) Excessive Force, Fourteenth Amendment, 42 U.S.C. § 1983 (against Clark, Hendershot, Carey, County Commission); and

- (Count 10) Constitutional Violations (against the County Commission).

### IV.  DISCUSSION

Defendants admit that there are genuine issues of material fact as to Plaintiff's state and federal claims of excessive force, but they argue that they are entitled to judgment as a matter of law on the remaining claims.  The Court will discuss each of Defendants' arguments in turn.

**A.  Counts One through Seven of the Amended Complaint shall be construed as one wrongful death claim under various theories of liability.**

In Counts One through Seven, Plaintiff brings state law claims of negligence, outrage, negligent infliction of emotional distress, assault, and battery.  Each tort is separately alleged to have caused the wrongful death of Smith.  Defendants argue that Counts One through Seven are actually one wrongful death claim

SMITH V. CLARK ET AL.                                    2:20-CV-47

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

based on different theories of liability.

The West Virginia Code provides,

> In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and *not resulting in death*, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.

W. Va. Code § 55-7-8a(a) (emphasis added). West Virginia law does not permit "survival of actions for personal injuries which do not result in death." Jones v. George, 533 F. Supp. 1293, 1301 (S.D.W. Va. 1982) (Staker, J.). "Section 55-7-8a(a) will only effect survival if 'one, the death of the injured person occurs prior to the institution of the suit, and two, his or her death is from causes unrelated to the suit's complaints.'" Myers v. City of Charleston, No. 2:19-cv-00757, 2020 WL 4195005, at *11 (S.D.W. Va. July 21, 2020) (Johnston, J.).

Here, in the Amended Complaint, for each of Plaintiff's state law tort claims, Plaintiff asserts that the tort caused Smith's wrongful death. See Am. Compl., ECF No. 3, at ¶¶ 50, 61, 73, 82, 91, 97, 103. As such, the state law tort claims do not survive separately from a claim of wrongful death. See Myers, 2020 WL 4195005, at *11, 13, 15 (finding that claims of assault, battery,

5

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]**

outrage, negligence, negligent infliction of emotional distress, and negligent supervision and training brought on behalf of decedent's estate did not survive decedent's death, based in part on the plaintiff's assertions that the actions caused a wrongful death).

The Court agrees with Defendants that Plaintiff is asserting one claim of wrongful death under a variety of theories of liability.  To this extent, the motion for summary judgment is **GRANTED**.  Plaintiff may not alternatively argue that the seven state law tort claims did not cause Smith's wrongful death.  The Court will address this issue further when it crafts the verdict form in this case.

> **B.  To the extent that Plaintiff's wrongful death claim is based on the negligence of Clark, Hendershot, and Carey, these Defendants are not entitled to absolute immunity because Plaintiff has produced facts that could support a finding of malicious, bad faith, wanton, or reckless conduct.**

In Count One, Plaintiff asserts a negligence claim against Clark, Hendershot, and Carey, arguing that their negligence caused Smith's wrongful death.  Defendants argue that Clark, Hendershot, and Carey are entitled to absolute immunity for any alleged negligence because there is no evidence that their conduct was malicious, in bad faith, wanton, or reckless.

Under West Virginia law, employees of a political subdivision

SMITH V. CLARK ET AL.                                          2:20-CV-47

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

generally are immune from liability <u>unless</u> one of the following applies:

> (1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;
>
> (2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
>
> (3) Liability is expressly imposed upon the employee by a provision of this code.

W. Va. Code § 29-12A-5(b). The Supreme Court of Appeals of West Virginia has held that in the context of this statute, the terms "willful," "wanton," and "reckless" mean that

> the actor has *intentionally* done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a *conscious* indifference to the consequences, amounting almost to willingness that they shall follow; and it has been said that this is indispensable.

<u>Holsten v. Massey</u>, 490 S.E.2d 864, 877 (W. Va. 1997).

Here, Plaintiff has alleged that while Smith remained face down on the ground with three officers on top and surrounding him, Clark made repeated blows with his fist to what Clark said was the back of Smith's right shoulder. Clark Dep. at 56:20-57:5. The autopsy report indicates that the blows were more likely to the

SMITH V. CLARK ET AL.                                    2:20-CV-47

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

back of Smith's head.  See Exh. 4 to Response, ECF No. 124-5. Clark testified that it is not proper to punch the back of the head of someone who is face-down on the ground.  Clark Dep. at 57:7-14.  This could support a finding of malicious, bad faith, wanton, or reckless conduct.

Hendershot denied that his knee was on Smith's neck while Smith was on the ground.  Viewing the video, however, the jury could find that his knee was, at one point, on his neck.  Video, Exh. 8 to Motion.  Smith was groaning and saying "help" and "I can't breathe."  Id.; Clark Dep. at 110:17-20.  Clark testified that it would have been improper to kneel on Smith's neck.  Clark Dep. at 109:14-21.  According to the Sheriff's Department's policies, it would be improper for a deputy or officer to place his knee on the back or on the heck of an arrestee when the arrestee's stomach is on the ground.  Cayton Dep. at 95:16-22. Plaintiff argues that Hendershot said, "How'd that feel" to Smith, referring to his being tasered.  Video, Exh. 8 to Motion; Hendershot Dep. at 65:3-10.

At a minimum, these actions by the officers could be interpreted by a jury as malicious, in bad faith, wanton, or reckless.  Defendants' motion for summary judgment is **DENIED** on this point.

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

**C.   To the extent that the wrongful death claim against the County Commission is based on vicarious liability for the individual deputies' intentional use of excessive force, the County Commission is entitled to absolute immunity because excessive force requires intentional conduct.**

In Counts Two and Three, Plaintiff argues that the County Commission's negligence caused Smith's wrongful death. Defendants argue that to the extent the wrongful death claim against the County Commission is based upon vicarious liability for the individual deputies' intentional use of excessive force, the County Commission is entitled to absolute immunity.

A political subdivision is only liable for negligent conduct, not intentional conduct. <u>See</u> W. Va. Code § 29-12A-4(c). The Supreme Court of Appeals of West Virginia has dismissed intentional tort claims against political subdivisions on the basis of this immunity. <u>See, e.g.</u>, <u>Zirkle v. Elkins Rd. Pub. Serv. Dist.</u>, 655 S.E.2d 155, 160 (W. Va. 2007) (concluding that "claims of intentional and malicious acts are included in the general grant of immunity in W. Va. Code § 29-12A-4(b)(1)").

"State-law excessive force claims are 'analogous to claims for assault or battery.'" <u>Myers</u>, 2020 WL 4195005, at *11 (citation omitted). A common law battery claim based on an arrest by a police officer requires a showing of excessive force. <u>See</u> <u>Lowe v. Spears</u>, No. 3:06-0647, 2009 WL 1393860, at *6 (S.D.W. Va. May 15,

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]**

2009) (Chambers, J.).  Further, in the civil context, "assault and battery are intentional torts."  Flowers v. Max Specialty Ins. Co., 761 S.E.2d 787, 797 (W. Va. 2014).

To the extent that Plaintiff argues that she can overcome the County Commission's statutory immunity by merely proving that Defendants acted recklessly, the Court has already found above that her claim of intentional infliction of emotional distress does not survive outside of the wrongful death claim, so her argument is rejected.  In Conklin v. Jefferson County Board of Education, 205 F. Supp. 3d 797 (N.D.W. Va. 2016), on which Plaintiff relies, no wrongful death claim was made.  Thus, Conklin, does not provide the persuasive support Plaintiff seeks for her claims here.

The Court agrees with Defendants that if Plaintiff proves excessive force by the deputies, the County Commission is immune because excessive force involves intentional conduct.[1]  The motion

---

[1] The Court is mindful of its previous denial of the County Commission's motion to dismiss on this issue.  ECF No. 71. Plaintiff enjoyed a much lighter burden at that stage requiring only a claim be plausibly stated when all facts **alleged** must be taken as true.  See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009).  Here, after opportunity to conduct full discovery and facing a Rule 56 motion, her burden transforms into a more onerous one.  She must demonstrate a genuine issue of material fact exists necessitating resolution at trial and "must do so by offering sufficient proof in the form of admissible evidence rather than relying solely on

SMITH V. CLARK ET AL.                                    2:20-CV-47

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

for summary judgment is **GRANTED** on this point.

**D.   The scope of the duty, if any, of Defendants to provide medical treatment to Smith is unclear, so the County Commission cannot be held liable for any alleged negligence.**

To begin, neither Plaintiff nor Defendants have clearly set forth the extent of the duty, if any, of law enforcement officers to provide medical care to an arrestee.  The Court is tasked with determining whether it wishes to adopt a certain duty based on the findings in non-binding jurisdictions.  With negligence being a state law claim, the Court declines the invitation to create a duty under West Virginia law.  See Time Warner Entm't-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) ("[A]bsent a strong countervailing federal interest, the federal court . . . should not elbow its way into this controversy to render what may be an uncertain and ephemeral interpretation of state law.").[2]  As such,

---

the allegations of her pleadings." Guessous v. Fairview Property Investments, LLC, 828 F.3d 208, 216 (4th Cir. 2016) (internal quotations and citation omitted).  Plaintiff has failed to meet that burden on this issue.

[2] This Court has consistently declined such invitations as our federalist system properly leaves questions of the creation or expansion of civil liability to the state judiciary and legislatures. See, e.g., Cather v. EQT Prod. Co., No. 1:17-CV-208, 2019 WL 3806629, at *5 (N.D.W. Va. Aug. 13, 2019) (acknowledging heightened federalism concerns in diversity of jurisdiction cases); Skelley v. FedEx Corporate Services, Inc., 1:19-CV-2, 2019 WL 1937570, at *3 (N.D.W. Va. May 1, 2019) (same).

SMITH V. CLARK ET AL.                                    2:20-CV-47

### MEMORANDUM OPINION AND ORDER GRANTING IN PART
### AND DENYING IN PART DEFENDANTS' MOTION FOR
### PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

Plaintiff has not met its burden in showing that a duty exists, so the County Commission cannot be vicariously liable for Defendants' alleged negligence.  Defendants' motion for summary judgment is **GRANTED** on this point.

> **E.    The County Commission cannot be vicariously liable for any acts or omissions of the ambulance authority or EMTs because the County Commission has no control over them.**

It is undisputed that the EMTs were employed by the County Commission at the time the events in the Amended Complaint took place.  Defendants argue that the County Commission cannot be vicariously liable for their actions because, even though it was their employer, it had no control over them.

Pursuant to the Tort Claims Act, a political subdivision may be held liable for personal injury or death caused by its employees' negligent performance of their duties within the scope of employment.  W. Va. Code § 29-12A-4(c)(2).  The Supreme Court of Appeals has held, however, that when deciding if an individual is an employee of a political subdivision for purposes of the Tort Claims Act, the "pivotal consideration . . . is whether the purported employer has the power of control over the individual." Atkinson v. Cty. Comm'n of Wood Cty., 489 S.E.2d 762, 765 (W. Va. 1997).  In Atkinson, a magistrate was technically employed by the county but was not considered the county's employee for purposes

12

SMITH V. CLARK ET AL.                                    2:20-CV-47

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]**

of the Tort Claims Act because the county could not hire, fire, suspend, censure, or control the magistrate. Id.

Here, the Ambulance Authority was created via W. Va. Code § 7-15-4. Control of the Ambulance Authority is vested solely with its Board, not the County Commission. Id. at § 7-15-5 ("The management and control of any authority, its operations, business and affairs shall be lodged in a board . . . ."). The County Commission plays no role in training the EMTs and paramedics or setting their schedules. Taylor Dep. at 132:5-133:8. The County Commission has no say in employee discipline, including discharge decisions. Id. at 133:9-17. And the County Commission does not decide how to spend the Ambulance Authority's funds. Id. at 133:18-23.

For these reasons, the County Commission is entitled to summary judgment with respect to any claim that it is vicariously liable for the acts or omissions of the Ambulance Authority, Ryder, or Shackleford. Defendants' motion is **GRANTED** in this respect.

> **F. The County Commission cannot be found liable for Smith's death based on negligent training, supervision, or retention of the deputies because Plaintiff has produced no evidence of the deputies' propensity to commit misconduct.**

Claims of negligent supervision, training, or retention concern an employer's liability for supervising, training, or

SMITH V. CLARK ET AL.                                              2:20-CV-47

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

retaining an employee who the employer knew, or should have known, posed a risk to third parties because of the employee's propensity to commit misconduct.  See Tolliver c. City of Dunbar, No. 2:21-CV-0001, 2021 WL 5056081, at *3 (S.D.W. Va. Nov. 1, 2021) (Johnston, J.) ("The analysis focuses on whether (1) the employer (a) was on notice of the employee's propensity, (b) yet unreasonably failed to take action, and (2) a third-party was harmed from the employee's tortious conduct.").

Here, Plaintiffs have produced no such propensity evidence with respect to Carey, Clark, and Hendershot.  It is undisputed that prior to this incident, none of the three deputies had ever been accused of excessive force or failure to provide medical care. As such, there is no genuine dispute as to any material fact regarding a claim for negligent training, supervision, or retention.  To the extent that Plaintiff asserts in Count Two that the County Commission was negligent under this theory, Defendants' motion for summary judgment is **GRANTED.**

> **G.  The individual deputies are entitled to qualified immunity for Plaintiff's state and federal excessive force claims to the extent that Plaintiff bases those claims on the use of a taser because Plaintiff has not shown that this violated a clearly established right.**

Defendants concede that there are genuine issues of material fact as to other elements of Plaintiff's use of force claim, but

SMITH V. CLARK ET AL.                                    2:20-CV-47

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]**

they move for summary judgment on the excessive force claim to the extent that Plaintiff argues that the use of a taser on Smith in these circumstances constituted excessive force.

Three factors are analyzed in determining whether an officer's actions in a particular situation were objectively reasonable: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Pegg v. Herrnberger, 845 F.3d 112, 120 (4th Cir. 2017). The doctrine of qualified immunity protects even those police officers who could reasonably believe that their actions were lawful, in light of clearly established law at the time of the action. Id. at 117. In order to be entitled to qualified immunity, a defendant must either show (1) that no constitutional violation occurred, or (2) that the right violated was not clearly established at the time it was violated. Hunter v. Town of Mocksville, 789 F.3d 389, 396 (4th Cir. 2015). A court may consider either prong first. Pearson v. Callahan, 555 U.S. 223, 236 (2009). "For a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" Safar v. Tingle, 859 F.3d 241, 246 (4th Cir. 2017) (citation omitted).

SMITH V. CLARK ET AL.                                    2:20-CV-47

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

According to Defendants, it is undisputed that Hendershot used a taser while Smith was fleeing from uniformed officers who exited marked cruisers, identified themselves as police, and commanded him to stop.  It is also undisputed that Smith reached toward his pockets or waistband area.  Plaintiff's use of force expert agrees that by fleeing the deputies, Smith actively resisted arrest.  Gerard Dep. 29:23-30:1.  Defendants write that "[p]er the model guidelines put out by the IACP and relied on by Plaintiff's expert, police are authorized to use a Taser when a suspect flees to resist a lawful arrest in circumstances where the officers pursue on foot to physically effect the arrest, as happened here."  See Memo at 26.

Defendants argue that it was objectively reasonable for Hendershot to use a taser to stop Smith's flight.  Even if the use of a taser was not reasonable, Defendants argue that they are entitled to qualified immunity because there was no clearly established law at the time prohibiting the use of a taser on a suspect fleeing over a hard surface.  Defendants cite research indicating that tasers are "the force option least likely to result in significant suspect injury."  Id. at 25.

To support her argument that the right was clearly established, Plaintiff cites the testimony of the Rule 30(b)(6)

SMITH V. CLARK ET AL.                                    2:20-CV-47

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

representative for the Sheriff's Department, who admitted that "simply running away" does not justify use of a taser. Further, the Sheriff's Department's manual says that a taser can be used to control a dangerous or violent subject, and Smith's running away does not meet the policy criteria for dangerous or violent. At the least, Plaintiff argues, there is a genuine issue of fact as to whether Smith was dangerous or violent and posed an immediate threat of death or serious bodily injury to the officers. In addition, Plaintiff cites the AXON Taser training which says that the officer must consider the surface when determining whether to use a taser. Plaintiff cites non-binding cases saying that using a taser can be excessive force.

The Court finds that Plaintiff has not shown that the right to be free from use of a taser in these circumstances has been clearly established. Plaintiff, the subject of an active warrant, fled when confronted by uniformed police officers in marked cruisers. He refused repeated commands to stop and show his hands. Smith then reached toward his pockets or waistband area. After a 300-yard pursuit, he approached an apartment building, and only then did Hendershot deploy his taser. In short, Plaintiff has not shown that "existing precedent . . . [has] placed the statutory or constitutional question beyond debate." See Safar, 859 F.3d at

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

246.

Because it is not clearly established that Smith had a right not to be tased under these circumstances, the officers are entitled to qualified immunity to the extent that Plaintiff's excessive force claims are based on their use of a taser. Defendants' motion for summary judgment is **GRANTED** on this point.

**H.  The County Commission is entitled to summary judgment on Plaintiff's Monell claim because Plaintiff has produced no evidence of a custom, policy, or practice that served as the moving force behind the alleged violation of Smith's constitutional rights.**

A municipality is liable under 42 U.S.C. § 1983 if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights. Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978). "[T]he substantive requirements for establishing municipal liability for police misconduct are stringent indeed. The critical Supreme Court decisions have imposed this stringency in a deliberate effort to avoid the indirect or inadvertent imposition of forms of vicarious liability rejected in Monell." Spell v. McDaniel, 824 F.2d 1380, 1391 (4th Cir. 1987).

Courts have required plaintiffs to demonstrate "persistent and widespread . . . practices of [municipal] officials," along with the "duration and frequency" – which indicate that

SMITH V. CLARK ET AL.                                    2:20-CV-47

### MEMORANDUM OPINION AND ORDER GRANTING IN PART
### AND DENYING IN PART DEFENDANTS' MOTION FOR
### PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

policymakers (1) had actual or constructive knowledge of the
conduct, and (2) failed to correct it due to their "deliberate
indifference." Id. at 1386-91. Sporadic or isolated violations
of rights will not give rise to Monell liability; only "widespread
or flagrant" violations will. Owens v. Baltimore City State's
Attorneys Office, 767 F.3d 379, 402-03 (4th Cir. 2014) (citing
Spell, 824 F.2d at 1387).

Municipal liability results only when policy or custom is
"(1) fairly attributable to the municipality as its 'own,' and is
(2) the 'moving force' behind the particular constitutional
violation." Spell, 824 F.2d at 1386-87 (citations omitted).
"Custom and usage" require a showing that the "duration and
frequency of the practices warrants a finding of either actual or
constructive knowledge by the municipal governing body that the
practices have become customary among its employees." Id. at 1387.
The actual knowledge can be established by reports or discussions.
Id. Constructive knowledge may be shown by the practices being
"so widespread or flagrant that in the proper exercise of its
official responsibilities the governing body should have known of
them." Id.

Such a developed "custom or usage" may then become the basis
of municipal liability, but only if its continued existence can be

SMITH V. CLARK ET AL.                                    2:20-CV-47

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

laid to the fault of municipal policymakers, and a sufficient causal connection between the "municipal custom and usage" and the specific violation can then be established. Id. at 1390. "Section 1983 plaintiffs seeking to impose liability on a municipality must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." Jordan by Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994).

The Fourth Circuit has established four ways by which a municipal policy or custom may be established:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest [s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003).

While establishing a custom or policy of failure to train normally requires a pattern of constitutional violations that demonstrated to the municipality the need for better or different training, the Supreme Court has suggested that liability of a municipality for failure to train could be based on a single incident where the need for training was obvious. Canton v.

SMITH V. CLARK ET AL.                                    2:20-CV-47

MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

<u>Harris</u>, 489 U.S. 378, 390 n.10 (1989).  However, "a single incident is almost never enough to warrant municipal liability."  <u>Estate of Jones v. City of Martinsburg</u>, 961 F.3d 661, 672 (4th Cir. 2020).

Here, Plaintiff has produced no evidence of a custom, policy, or practice that served as the moving force behind the alleged violation of Smith's constitutional rights.  None of the individual deputies, or any other deputies, have ever been accused of using excessive force or failing to provide medical attention before November 12, 2018.  Therefore, Defendants' motion for summary judgment is **GRANTED** with respect to Plaintiff's <u>Monell</u> claim against the County Commission — and with respect to Counts Eight and Nine, to the extent they allege excessive force claims against the County Commission.[3]

### V.   <u>CONCLUSION</u>

For the reasons discussed herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for partial summary judgment [ECF No. 116].

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

---

[3] <u>See</u> n.1, <u>supra</u>.

SMITH V. CLARK ET AL.                                    2:20-CV-47

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 116]

DATED: June 20, 2023

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA